UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK WHITE,

    Plaintiff,

v.

MARVIN MOSELY, et al.,

    Defendants,
_____/

Case No. 1:25-cv-12570
Hon. Thomas L. Ludington
United States District Judge

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND SUMMARILY DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff Mark White's *pro se* civil rights Complaint filed under 42 U.S.C. § 1983. Plaintiff is currently an inmate in Michigan, housed at the Thumb Correctional Facility. His Complaint concerns events that are alleged to have occurred at the Robert J. Cotton Correctional Facility while Plaintiff was an inmate there. He asserts that MDOC personnel at the Cotton facility violated his First, Eighth, and Fourteenth Amendment rights by conspiring and engaging in acts of retaliation in response to his prior lawsuits. But based on Plaintiff's Complaint and litigation history, the case must be dismissed without prejudice under the 28 U.S.C. § 1915(g)'s three-strikes provision.

**I.**

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915(a), provides prisoners

the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a federal court may dismiss a case if, on three or more occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). The three strikes provision allows IFP status despite three or more strikes if the plaintiff sufficiently asserts that he is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003) (citing 28 U.S.C. § 1915(g)).

**II.**

On numerous occasions, judges in this district and in the Western District of Michigan have denied Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915(g). *See White v. Strurm*, 737 F. Supp. 3d 576 (E.D. Mich. June 12, 2024); *White v. Washington*, No. 24-10550; 2024 U.S. Dist. LEXIS 43671 (E.D. Mich. March 12, 2024); *White v. Morrison*, No. 21-cv-00601, 2022 U.S. Dist. LEXIS 18990 (W.D. Mich. Feb. 2, 2022); *White v. McKee*, No. 16-cv-00601, 2016 U.S. Dist. LEXIS 76347 (W.D. Mich. June 13, 2016); *White v. U.S. Dist. Cts. of Mich.*, No. 13-14428 (E.D. Mich. Oct. 25, 2013); *White v. Heyns*, No. 13-12104 (E.D. Mich. May 24, 2013); *White v. Saginaw Cnty. Jail*, No. 09-13470 (E.D. Mich. Sept. 14, 2009). Thus, the "three strikes" rule applies. *See Blatter*, 175 F. 3d at 400.

Plaintiff asserts, however, that under the new standard announced in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024), he is no longer a three-striker because only one of his prior actions was dismissed in its entirety for being frivolous, malicious, or failing to state a claim. ECF No. 2 at PageID.13-14. *Crump* held that only cases where all the claims in a complaint—as opposed to some of the claims—were dismissed on the grounds listed in § 1915(g) count as strikes. 121 F.4th at 1111. White asserts that all but one of his prior cases contained at least one claim that was

dismissed on immunity grounds, a decision not to exercise supplemental jurisdiction, or by way of summary judgment. ECF No. 2 at PageID.14.

But the fact that a case was dismissed at the summary judgment phase of proceedings does not automatically mean that it does not count as a strike. "The district court must examine the basis of a court's previous grant of summary judgment to determine whether the dismissing court deemed the action frivolous, malicious, or as failing to state a claim for relief." *Jeter v. Lawless*, No. 19-cv-623, 2020 U.S. Dist. LEXIS 119305, *4 (S.D. Ohio July 7, 2020) (citing *Escalera v. Samaritan Vill.*, 938 F.3d 380, 383 (2d Cir. 2019); *see also Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) ("The fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g).")

Despite Plaintiff's assertions, there are still at least three remaining strikes: (1) *White v. Nichols*, No. 94-cv-75266, 1996 U.S. Dist. LEXIS 23717 (E.D. Mich. April 30, 1996), *R&R adopted* 1996 U.S. Dist. LEXIS 23718 (E.D. Mich. July 29, 1996); (2) *White v. Caruso*, No. 08-80, 2008 U.S. Dist. LEXIS 11105, *2 (W.D. Mich. Feb. 14, 2008); and (3) *White v. Caruso*, No. 08-10057, 2008 U.S. Dist. LEXIS 124172, *5 (E.D. Mich. March 17, 2008).

Because of those three strikes, Plaintiff is barred from proceeding IFP here absent a claim that he is in imminent danger of serious physical injury. *Clemons*, 240 F. Supp. at 641. He makes allegations regarding his poor health, but they are not sufficiently related to the basis of his Complaint to satisfy the exception to the three strikes rule. *See Vandiver v. Prison Health Svs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008); *Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). The current Complaint

concerns past events that transpired at the Cotton Correctional Facility, and Plaintiff is currently housed at a different correctional facility.

Thus, Plaintiff's civil rights Complaint is subject to dismissal under § 1915(g).

### III.

Since Plaintiff has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing IFP. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). This Court therefore certifies that any appeal from this dismissal would not be taken in good faith.

### IV.

Accordingly, it is **ORDERED** that Plaintiff is **DENIED** *in forma pauperis* status, and the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

**This is a final order and closes this case.**

Dated: November 4, 2025                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge