UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK WHITE,

    Plaintiff,

v.

                                   Case No. 1:25-cv-12570
                                   Hon. Thomas L. Ludington
MARVIN MOSELY, et al.,        United States District Judge

    Defendants,
_____/

**OPINION & ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff Mark White seeks relief from judgment under Civil Rule 60(b)(1). After he filed this case, this Court denied Plaintiff's application to proceed *in forma pauperis* (IFP) and dismissed his Complaint under the three-strikes rule. *See* 28 U.S.C. § 1915(g); ECF No. 7. Though Plaintiff filed an IFP application with his Complaint, he asserts in his motion that he was not required to pay the filing fee. Plaintiff explains that the instant case is a refiling of a previously dismissed case, dismissed on exhaustion grounds, and that he has already paid the filing fee. He asserts that under *Owens v. Keeling*, 461 F.3d 763 (6th Cir. 2006), he is not required to pay a second filing fee for the refiled action. For the reasons explained below, the Motion will be denied.

I.

A.

In his previous case, *White v. Mosely*, Case No. 24-10506 (E.D. Mich.), assigned to District Court Judge Denise Hood, Plaintiff was represented by counsel and paid the filing fee. *Id.* The complaint named seven defendants: (1) Marvin Mosley, (2) Sergeant Garrow, (3) Serena Landfair, (4) Deputy Warden White, (5) Heidi Washington, (6) Sophia Bradley, and (7) Prison Counselor

Young. *Id*. The case concerned prison conditions at the G. Robert Cotton Correctional Facility while Plaintiff was a prisoner there.

In that prior case, Plaintiff, who suffers from COPD, claimed that in December of 2022, he contracted a cold or flu while being forced to stand outside in freezing rain in a medication line. *Id.* On December 30, 2022, he tested negative for COVID-19, but Landfair nevertheless ordered him to medical isolation. *Id.* On January 16, 2023, Plaintiff was again forced to stand in freezing rain, wearing inadequate clothing, in the medication line. *Id.* Bradley later denied a request that Plaintiff submitted for a raincoat for use in the line. *Id.* He then filed grievances against unknown respondents, asserting that they were never processed. *Id.*

The complaint then jumped back in time to July or August of 2022, alleging that Mosley began retaliating against Plaintiff for challenging him about MDOC policy. *Id.* Plaintiff alleged that Mosely wrote false misconduct in response. *Id.*

On January 18, 2023, Plaintiff alleged that Mosley overheard him discussing his settlement in another case. *Id.* A few days later, Plaintiff's possessions were stolen by his cellmate. *Id.* Plaintiff was then threatened by his cellmate and other prison gang members regarding his lost possessions. *Id.* Plaintiff complained to Mosley, but Mosley put him in punitive segregation and told him to buy new possessions. *Id.*

Young allegedly told Plaintiff that he would spend two months in segregation because of his lawsuits. *Id.* Plaintiff contended that Young also threw away his grievances. *Id.* Finally, Plaintiff asserted that "Individual Defendants" denied him medical accommodations, forced him to use stairs to go outside, forced him to sign off on medical diets, and refused to timely provide meals after insulin injections. *Id.*

Based on these allegations, without differentiating between which claim applied to which defendant, Plaintiff claimed that "Defendants": (1) violated his Eighth and Fourteenth Amendment rights for being deliberately indifferent to his serious medical needs, and for forcing him to stand outside in the freezing rain in a medication line; (2) committed acts of gross negligence with respect to his medical condition; and (3) acted in concert with respect to their failure to treat his medical condition. *Id.*–

Garrow, Washington, and Young moved for summary judgment, asserting that Plaintiff failed to allege their personal involvement, that he improperly joined claims, and that he failed to exhaust his administrative remedies. *Id.* Plaintiff filed a response through counsel. *Id.* Counsel asserted in an affidavit that he required further time to conduct discovery to support his claim that defendants prevented Plaintiff from exhausting his claims. *Id.*

Magistrate Judge Elizabeth A. Stafford issued a report (R&R) recommending that the motion for summary judgment be granted. *Id.* The R&R concluded that Plaintiff failed to state a claim against Garrow, Washington, and White because the complaint did not assert their personal involvement. *Id.* It further found that Plaintiff failed to exhaust his administrative remedies with respect to any of the defendants, and that he did not assert sufficient facts to warrant additional discovery. *Id.*

Plaintiff objected. The district court accepted the R&R and "ordered that the motion to dismiss for failure to state a claim and/or for summary judgment on the basis for failure to exhaust administrative remedies is granted." *White v. Mosley*, No. CV 24-10506, 2025 WL 971125, at *3 (E.D. Mich. Mar. 31, 2025). He then attempted to file a *pro se* amended complaint, but it was stricken because he was represented by counsel. *White v. Mosley*, No. 24-10506, 2025 WL 907884, at *1 (E.D. Mich. Mar. 25, 2025).

On August 4, 2025, Plaintiff successfully moved to terminate his counsel, but he was otherwise denied relief from judgment. *White v. Mosely*, Case No. 24-10506 (E.D. Mich.).

**B.**

About two weeks later, on August 19, 2025, Plaintiff filed this case. ECF No. 1. His Complaint names an overlapping but different set of Defendants: (1) Marvin Mosely, (2) Unknown Hursch, (3) Unknown Lamb, (4) Unknown Garrett, (5) Prison Counselor Young, (6) Serena Landfair, (7) Asst. Dept. Warden Jarrett White, (8) Heidi Washington. *Id.* PageID.1–2. Plaintiff asserts that beginning in July of 2022, Mosely "began a campaign of abuse of authority over plaintiff." *Id.* at PageID.2. He alleges that Mosely conspired with Defendants Hursch and Lamb to make Plaintiff stand in the freezing rain in the medication line. *Id*. He also alleges that Defendants Mosely and Hursch wrote false misconducts against him in July and August of 2022. *Id.* at PageID.3.

Plaintiff asserts that Defendant Lamb ran the medication line, and he forced him to wait in the rain, and refused an order to rotate his spot in the line. *Id*. at PageID.3–4. Allegedly, Defendant Lamb also threatened to tell prison gang members that Plaintiff was a "rat." *Id*. at PageID.4.

The Complaint further asserts that Plaintiff developed congestion and a cough on December 30, 2022, from standing in the rain. *Id*. According to Plaintiff, Defendant Landfair ordered COVID-19 testing and, despite a negative result, ordered Plaintiff to medical segregation. *Id*. He allegedly filed a grievance that Defendant Young picked up, but it was never assigned a number or processed. *Id*. at PageID.4–5.

Plaintiff asserts that Defendant Washington learned that prisoners waiting outside for medication in bad weather and settled a case intended to stop the practice, but she nevertheless allowed it to continue. *Id*. at PageID.5. On January 6, 2023, Plaintiff again waited outside in poor

- 4 -

weather in the medication line with inadequate clothing. *Id*. Plaintiff wrote a grievance and gave it to Defendant Young, but he alleges it was never assigned a number or processed. *Id*. at PageID.6.

Plaintiff also asserts a January 22, 2023, conspiracy by Defendant's Mosely, Hursch, and Lamb to use gang members to get rid of him. *Id*. He describes an incident in his cell when his cellmate stole his possessions, and Defendant Mosely told him to buy new things with his settlement proceeds. *Id*.

While Plaintiff was in segregation following this incident, allegedly, Garrow gave him a urine test, which tested positive. *Id*. The test was used by Garrow and Defendant White to "conspire to punish plaintiff over the entire situation" and keep him in protective custody. *Id*. Plaintiff filed grievances against Garrow and Defendant White, but they, too, were allegedly never assigned a number. *Id*. at PageID.6–7. Plaintiff asserts that other inmates can corroborate his claim that his grievances were thrown away. *Id*. at PageID.7.

Ultimately, Plaintiff asserts three claims: (1) Defendants Mosely, Hursch, and Lamb wrote false misconduct charges and forced him to stand in freezing rain in violation of the Eighth Amendment and in retaliation; (2) Garrow,[1] Defendant White, and Defendant Landfair retaliated against him in violation of the First and Eighth Amendments for filing grievances and lawsuits, and their actions also constituted gross negligence; and (3) Defendant Washington violated Plaintiff's Eighth Amendment rights by being deliberately indifferent to the requirement that he stand in freezing rain to receive his medication and for failing to comply with the terms of the prior settlement. *Id*. at PageID.8.

---

[1] Notably, while Garrow is named in the second cause of action, he is not named as a defendant in the case. *See generally* ECF No. 1.

Plaintiff also filed a notice that the present case was a companion to Case No. 24-10506, ECF No. 5, and a motion for the case to be reassigned to Judge Hood, who presided over that case. ECF No. 6. He asserted that his previous case was erroneously dismissed due to the errors of his retained attorney, and he asserted that he was not required to pay the filing fee because the previous case was dismissed on exhaustion grounds. *Id.* at PageID.24–25.

## II.

"'[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Id.* "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Rule 60(b)(1) is intended to address two situations: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted). "[T]he granting of a motion to set aside a judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court[.]" *In re Salem Mortg. Co.*, 791 F.2d 456, 459 (6th Cir. 1986).

## III.

Before the Court does anything else in a *pro se* prisoner civil rights case, its first task under the Prison Litigation Reform Act (PLRA) is to determine whether the prisoner is entitled to proceed IFP. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other*

*grounds by Jones v. Bock*, 549 U.S. 199 (2007) ("[A] court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed."). Consistent with this obligation, this Court determined that Plaintiff was not entitled to proceed IFP under the 3-strikes rule, and it therefore dismissed his Complaint under § 1915(g). ECF No. 7.

Plaintiff asserts that this Court erred in dismissing the case because he is not obligated to pay the filing fee for this action under *Owens v. Keeling*, 461 F.3d 763 (6th Cir. 2006). *Owens* was decided when the Sixth Circuit adopted a heightened pleading standard for exhaustion. During that period, prisoners were required to (1) attach to their complaint documentation of the relevant administrative decisions showing they exhausted their claims or (2) detail the administrative processes followed. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). The failure of a plaintiff to sufficiently plead exhaustion would result in the summary dismissal of the complaint. But the year after *Owens* was decided, the United States Supreme Court held that prisoners need not exhaust their administrative remedies and made failure to exhaust an affirmative defense, rather than a pleading requirement. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

In *Owens*, the plaintiff filed an initial prisoner civil rights complaint that did not sufficiently plead exhaustion. *Owens*, 461 F.3d at 767. Under the then-existing rule, the district court summarily dismissed the complaint without prejudice at the screening stage. *Id*. The plaintiff then filed another complaint that was again rejected on exhaustion grounds. *Id.* The Sixth Circuit found that the second dismissal was erroneous because the plaintiff had satisfied the exhaustion pleading requirement in his subsequent complaint. *Id.* at 771–72. Relevant here, however, the Court also held "that when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA,

the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Id.* at 773. The Court explained that "[a] prisoner who 'refile[s]' a complaint alleging the same claims regarding prison conditions after it was initially dismissed without prejudice for failure to exhaust is not 'instituting' a suit, but is merely following the particular procedure chosen by this court for curing the initial complaint's deficiency." *Id.* (citing *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002)).

*Owens* does not apply to Plaintiff's current Complaint. First, one of the bases for the decision in *Owens* was the fact that the exhaustion dismissal occurred at the screening stage. Post *Jones*, cases are no longer dismissed at the screening stage for lack of exhaustion. *See* 549 U.S. at 216. Unlike *Owens*, Plaintiff's complaint was not dismissed because it failed to meet the then-existing heightened pleading standard. Rather, the prior complaint was dismissed after the "issue of exhaustion was litigated for months until the court granted defendants' motion for summary judgment." *See, e.g., Wright v. Brown*, 2020 U.S. Dist. LEXIS 273623, *2–4 (M.D. Geo. Nov. 4, 2020) (distinguishing and declining to apply *Owens*).

And even if *Owens* survived *Jones*, it still does not apply. Plaintiff did not simply refile a complaint that was dismissed on exhaustion grounds after completing the exhaustion process. Rather, his Complaint here differs from the complaint in the first case in two critical ways. *See* ECF No. 1.

First, the instant Complaint adds new Defendants. Indeed, it adds Garrett, Lamb, and Hursch as Defendants. *See* ECF No. at PageID.8. Plaintiff claims that Defendants Hursch and Lamb were part of a conspiracy against him. *Id*. He asserts that Defendant Hursch wrote false misconduct charges. ECF No. 1 at PageID.3. He asserts that Defendant Lamb ran the medication line and forced him to wait in the freezing rain and refused to change his spot in line. *Id.* at

PageID.3–4. He also claims that Defendant Lamb threatened to tell prison gang members that he was a rat. *Id*. at PageID.4.

Second, the new Complaint contains new claims. His first complaint asserted violations of the Eighth and Fourteenth Amendments (and state law) based solely on the defendants' treatment (or lack of treatment) for his medical condition. *White v. Mosely*, E.D. Mich. Case No. 24-10506 (E.D. Mich.). In the instant Complaint, besides raising claims about his medical condition, Plaintiff also asserts a First Amendment retaliation claim arising from his prior grievances and lawsuits. ECF No. 1 PageID.8. In addition to claiming that Defendants were deliberately indifferent to his medical condition, Plaintiff now also claims that his placement in punitive segregation and threats to have him harmed by prison gang members were the product of retaliation. *Id.* Some of these factual allegations were mentioned in the first complaint, but they did not form the basis for any of his claims. *See White v. Mosely*, E.D. Mich. Case No. 24-10506 (E.D. Mich.).

As Plaintiff sues a different set of Defendants and raises new and different claims than those in his first case, the instant case is not a mere refiling of the first case. He is therefore required to pay the filing fee or obtain IFP status. *See, e.g.*, *Hudson v. Caruso*, 2007 U.S. Dist. LEXIS 60276, *16–17 (W.D. Mich. Aug. 16, 2007) ("Because Plaintiff's 2006 case does not assert the same claims against the same Defendants as the instant case, it is not a 're-filing' for purposes of *Owens*."); *Hudson v. Caruso*, 2007 U.S. Dist. LEXIS 60276, *16–17 (W.D. Mich. Aug. 16, 2007); *Reeves v. Wolever*, 2007 U.S. Dist. LEXIS 6979, *4–5 (W.D. Mich. Jan. 31, 2007) ("In this case, Plaintiff asserts claims against ten individuals that were not sued in the previous case; therefore, the Court finds that the instant case is not a re-filing of a previous action within the meaning of *Owens*. Accordingly, Plaintiff is required to pay a filing fee in this case."); *Martin v. DeWine*, 2020 U.S. Dist. LEXIS 124302, *9 (S.D. Ohio, June 29, 2020) ("Plaintiff is reminded that should he

choose to re-file, he is excused from paying the filing fee so long as the complaint raises the same allegations as contained in this action."); *Stone v. Tennessee*, 2015 U.S. Dist. LEXIS 34304, *7–8 (M.D. Tenn. March 19, 2015) ("The dismissal of the complaint will be without prejudice to re-filing after the plaintiff has exhausted the prison grievance process. The plaintiff is hereby notified that if he files a new complaint after exhausting his administrative remedies, asserting claims identical to those asserted here but naming the appropriate defendant(s), he may be excused from paying the filing fee in the re-filed action."); *Wilson v. Ky. Dep't of Corr.*, 2012 U.S. Dist. LEXIS 55206, *6 (E.D. Ky. April 18, 2012) (filing fee not necessary so long as plaintiff files new complaint raising identical claims).

Finally, Plaintiff alleges that this case should have been reassigned to Judge Hood as a companion case to No. 24-10506. ECF No. 6. He does not cite any authority standing for the proposition that an alleged failure to reassign a case to a different judge as a companion case is grounds for relief from judgment, and the Court has found no such authority in the Sixth Circuit or elsewhere. A court may "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60. A failure to reassign a case to a different judge as a companion case does not fall within any of those categories. Thus, it is not a basis for relief under Civil Rule 60. Accordingly, because this Court properly denied Plaintiff IFP status and dismissed the Complaint without prejudice, his Motion for Relief from Judgment, ECF No. 13, will be denied.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Relief from Judgment, ECF No. 13 is **DENIED WITH PREJUDICE**.

Dated: December 12, 2025                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge